**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MISTY DANIELS,<br><br>Plaintiff,<br><br>vs.<br><br>VELOCITY CONSTRUCTION SERVICES LLC d/b/a GREER CONSTRUCTION COMPANY, LLC; and SHAUN GREER,<br><br>Defendants. | Case No.: 2:26-cv-00904 |

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff Misty Daniels (hereinafter the "Plaintiff"), by and through her attorneys, Sage Legal LLC, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully brings this Complaint against Velocity Construction Services LLC d/b/a Greer Construction Company, LLC (hereinafter the "Corporate Defendant") and Shaun Greer (hereinafter the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants") and alleges as follows:

**<u>INTRODUCTION</u>**

1. Plaintiff brings this lawsuit against Defendants for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112, R.C. 4112.02 ("OCRA").

2. Upon information and belief, Defendants discriminated and retaliated against Plaintiff by reason of her race and national origin.

3. Plaintiff has therefore commenced this action to seek damages for discrimination on the basis of her race and national origin, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendant in Columbus, Ohio.

## PARTIES

6. Plaintiff is an adult individual who is a resident of 678 Robinson Road Southeast Lot 24, Washington Court House, OH 43160.

7. Plaintiff was employed by the Defendant in the State of Ohio since in or about approximately April 2024.

8. The Corporate Defendant is a business entity organized under the laws of Ohio with a primary office located at 1175 Dublin Rd., Columbus, OH 43215.

9. The Individual Defendant is the Manager of the Plaintiff who exercises supervision over her and has sufficient control over the business operations of the Corporate Defendant.

10. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of Ohio.

## PROCEDURAL BACKGROUND

10. Plaintiff exhausted her administrative remedies at the Equal Employment Opportunity Commission.

11. The EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received on May 4, 2026. A true and correct copy of that notification is attached as **Exhibit A**.

12. This Complaint is being filed within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Right to Sue.

## STATEMENT OF FACTS

13. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants discriminated against the Plaintiff on the basis of her race and national origin.

14. Plaintiff was hired in or around April 2024 as a Project Manager, where she has consistently demonstrated a high level of competence and professionalism.

15. Plaintiff brought an impressive background and exceptional skills to the organization, contributing meaningfully to its overall operations.

16. Indeed, prior to working for Defendants, Plaintiff worked as a project manager for two years where she was gainfully employed.

17. A week into her employment with Defendants, on Tuesday, May 7, 2024, Plaintiff heard the Individual Defendant use the n-word in conversation with employees concerning work.

18. As a mother to bi-racial children, Plaintiff openly objected to Individual Defendant's use of this derogatory slur and told him that she did not appreciate the use of that term.

19. In response, the Individual Defendant stared at Plaintiff without saying anything and later continued to repeat the n-word countless times in conversations with employees concerning work that same day.

20. The Individual Defendant's lack of a response and continued use of the word indicates that he ignored Plaintiff' objection to the use of this slur.

21. Rather than take heed to Plaintiff's complaint, on Thursday, May 9, 2024 – just two days later – the Defendants decided to terminate her in retaliation for her complaint.

22. However, the Individual Defendant had Santoria Sawyer terminate Plaintiff, both because he is a coward and to hide his retaliatory intent.

23. To support Defendants' retaliatory decision, Defendants provided that the separation was due to an allegedly false statement in Plaintiff's employment application that she served as a project manager.

24. However, this was clearly pretext due to Plaintiff's earlier complaints of discrimination.

25. This is because Plaintiff did not lie on her employment application, as she was promoted in her previous job to project manager following her initial role as an assistant project manager, and served as a project manager on several projects.

26. Defendants' actions have exposed it to liability under the Title VII and OCRA for retaliation.

27. The Individual Defendant's unlawful conduct in openly using a racially derogatory slur was also severe and pervasive enough to change Plaintiff's condition of employment and create an abusive and hostile work environment.

28. Moreover, the Individual Defendant ultimately had Plaintiff terminated at the first possible opportunity following Plaintiff's complaints against her, just two (2) days later.

29. Plaintiff's termination following her protected activity raises the ugly specter of a retaliatory discharge.

30. As a result of these violations of labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

31. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## CAUSES OF ACTION

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION UNDER TITLE VII

32. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

33. Plaintiff is a member of a protected class on the basis of her racial origin.

34. Plaintiff, in all respects, was performing her job in a manner that was consistent with Defendants' legitimate business expectations.

35. Defendants discriminated and retaliated against Plaintiff as described above, when Plaintiff, after having reported the discrimination and harassment in Defendants' workplace, was unlawfully terminated.

36. There exists a causal connection based on temporal proximity alone by virtue of the brief time period between Plaintiff's complaint and her subsequent termination.

37. Defendants' actions were taken with a willful and wanton disregard of Plaintiff's rights under Title VII.

38. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

**AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE OHIO CIVIL RIGHTS ACT**

39. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

40. Defendants discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment because of Plaintiff's race.

41. Despite Plaintiff's complaints, Defendants openly continued to engage in the conduct she complained of.

42. Defendants' conduct was intentional, willful, and/or in reckless disregard of Plaintiff's rights.

43. As a direct and proximate result, Plaintiff suffered damages including lost income, benefits, emotional distress, and other compensable injuries.

**AS A THIRD CAUSE OF ACTION FOR RETALIATION**
**UNDER THE OHIO CIVIL RIGHTS ACT**

44. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. Plaintiff engaged in protected activity by opposing unlawful discriminatory practices perpetrated by the Defendants in the workplace.

46. Defendants took materially adverse action against Plaintiff because of such protected activity.

47. Defendants' retaliatory conduct was intentional and unlawful under Ohio law.

48. As a direct and proximate result, Plaintiff suffered damages including lost income, benefits, emotional distress, and other compensable injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Declare that the practices complained of herein are unlawful under Title VII and the OCRA;

B. Declare that the actions of the Defendants constituted unlawful discrimination and retaliation;

C. Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

D. Determine the damages sustained by Plaintiff as a result of Defendants' violations of Title VII and OCRA, and award those damages against Defendants and in favor of Plaintiff, plus such pre-judgment and post-judgment interest as may be allowed by law;

E. Award Plaintiff an additional equal amount as liquidated damages because Defendants' violations were without a good faith basis;

F. Award Plaintiff her reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

G. Grant Plaintiff such other and further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

//

Dated: July 27, 2026,

*/s/ Levi Y. Eidelman*
Levi Y. Eidelman (0104009)
**CONSUMER JUSTICE LAW FIRM**
72-47 139th Street
Flushing, New York 11367
T: (718) 360-0763
F: (480) 613-7733
E: leidelman@consumerjustice.com

Emanuel Kataev, Esq.
*pro hac vice motion forthcoming*
**SAGE LEGAL LLC**
18211 Jamaica Avenue
Jamaica, New York 11423-2327
T: (718) 412-2421 (office)
F: (718) 489-4155 (facsimile)
E: ekataev@sagelegal.nyc

*Attorneys for Plaintiff Misty Daniels*