**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MISTY DANIELS,** | : | Case No. 2:26-cv-00904 |
| | : | |
| Plaintiff, | : | Judge Edmund A. Sargus, Jr. |
| | : | |
| v. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| **VELOCITY CONSTRUCTION SERVICES, LLC d/b/a GREER CONSTRUCTION COMPANY, LLC, *et al.*,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants Velocity Construction Services, LLC d/b/a Greer Construction Company, LLC ("Velocity") and Shaun Greer ("Greer") (collectively, "Defendants") move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff Misty Daniels' ("Plaintiff") Complaint in its entirety because Plaintiff has not alleged that she exhausted her administrative remedies as to either Defendant, and because certain of her claims against Greer fail as a matter of law. The grounds for this Motion are set forth in the accompanying Memorandum in Support, which is incorporated herein.

Respectfully submitted,

*/s/ Travis D. Huffman*
Travis D. Huffman (0100069)
*Trial Attorney*
**FISHER & PHILLIPS LLP**
250 West Street, Suite 400
Columbus, Ohio 43215
Tel: 614-221-1425
Fax: 614-221-1409
thuffman@fisherphillips.com

*Counsel for Defendants Velocity Construction Services, LLC d/b/a Greer Construction Company, LLC and Shaun Greer*

# **MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

Plaintiff sued her former employer, Velocity, and Shaun Greer, asserting three causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and R.C. Chapter 4112 against "Defendants" collectively. Before a plaintiff may pursue those claims against a defendant in court, she must first present them in an administrative charge against that defendant. "Filing an EEOC charge against a party is a necessary prerequisite to suit." *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984). Ohio law separately requires a charge filed with the Ohio Civil Rights Commission ("OCRC"). R.C. 4112.052(B).

Plaintiff's Complaint addresses this prerequisite in a single sentence: "Plaintiff exhausted her administrative remedies at the Equal Employment Opportunity Commission." Compl. ¶ 10 (Doc. #1, PageID #3).[1] Plaintiff did not attach her charge. The only administrative document she did attach, the EEOC's Determination and Notice of Rights, identifies no respondent at all. It is addressed to Plaintiff in care of her counsel, is copied only to her counsel, and refers only to "the respondent(s) on this charge." Compl. Ex. A (Doc. #1-1, PageID #10-11).

The Sixth Circuit has affirmed the dismissal of Title VII claims on that kind of showing, where the plaintiff's complaint "includes a right to sue letter from the EEOC, but this letter does not include any specific allegations of discrimination or

---

[1]The Complaint contains two paragraphs numbered 10, one under the heading "Parties" and one under the heading "Procedural Background." Unless otherwise noted, citations in this Memorandum to "Compl. ¶ 10" refer to the paragraph numbered 10 under the heading "Procedural Background."

indicate the charges that had been administratively reviewed." *McCrary v. Ohio Civ. Serv. Emps. Ass'n Local 11 AFL-CIO*, 18 F. App'x 281, 283-84 (6th Cir. 2001). That principle, together with the governing statutes, requires dismissal of the following claims.

First, the First Cause of Action, under Title VII, fails as to both Defendants because nothing in the pleadings shows that either Velocity or Greer was named as a respondent in a charge, or that any charge was timely filed. It fails as to Greer for the additional reason that Title VII does not impose personal liability on an employer's individual agents.

Second, the Second and Third Causes of Action, under R.C. Chapter 4112, fail as to both Defendants for the same reason: the pleadings do not show a charge naming either of them.

Third, the Second Cause of Action fails for additional reasons. Plaintiff does not allege that she filed any charge with the OCRC, which is a statutory precondition to her R.C. Chapter 4112 discrimination claim, and Plaintiff, who seeks money damages, does not fall within the narrow exception for a person who seeks only injunctive relief. And R.C. 4112.08(A) independently bars that claim against Greer, a supervisor who is not the employer.

Accordingly, the Complaint should be dismissed in its entirety.

## II. SUMMARY OF RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY

### A. The parties and claims.

Plaintiff identifies Velocity as the "Corporate Defendant," a "business entity organized under the laws of Ohio," and alleges that she "was employed by the Defendant in the State of Ohio since in or about approximately April 2024." Compl. ¶¶ 7, 8 (Doc. #1, PageID #2). She identifies Greer as the "Individual Defendant" and alleges that he "is the Manager of the Plaintiff who exercises supervision over her and has sufficient control over the business operations of the Corporate Defendant." *Id.* ¶ 9. Plaintiff alleges that her employment was terminated on May 9, 2024. *Id.* ¶ 21 (Doc. #1, PageID #4).

The Complaint asserts three causes of action, each against "Defendants" collectively: discrimination and retaliation under Title VII (First Cause of Action); discrimination under R.C. Chapter 4112 (Second Cause of Action); and retaliation under R.C. Chapter 4112 (Third Cause of Action). *Id.* ¶¶ 32-48 (Doc. #1, PageID #5-6). Plaintiff seeks compensatory damages, liquidated damages, attorneys' fees, and costs, in addition to injunctive relief. *Id.*, Prayer for Relief ¶¶ C-F (Doc. #1, PageID #7).

### B. Plaintiff's exhaustion allegations and Exhibit A.

The Complaint's allegations regarding administrative exhaustion consist, in their entirety, of the following three paragraphs:

> 10. Plaintiff exhausted her administrative remedies at the Equal Employment Opportunity Commission.

> 11. The EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received on May 4, 2026. A true and correct copy of that notification is attached as **Exhibit A**.
>
> 12. This Complaint is being filed within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Right to Sue.

Compl. ¶¶ 10-12 (Doc. #1, PageID #3). Plaintiff does not allege when she filed her charge, against whom she filed it, or what conduct or bases it encompassed. She does not attach the charge. She does not allege that she filed any charge with the OCRC, or that she received a notice of right to sue from the OCRC.

Exhibit A does not fill those gaps. It is an EEOC "Determination and Notice of Rights" issued May 4, 2026, in Charge No. 532-2025-02213. Compl. Ex. A (Doc. #1-1, PageID #10). It is addressed "To: Misty Daniels c/o Sage Legal LLC," and its only copy recipient is Plaintiff's counsel, Emanuel Kataev, Esq. *Id.* (Doc. #1-1, PageID #10-11). It states that the EEOC "has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge," but nowhere identifies who "the respondent(s)" are. *Id.* (Doc. #1-1, PageID #10). Neither Velocity nor Greer is named anywhere in the document, and the notice does not describe the allegations or bases of discrimination presented in the charge. *Id.* The enclosure to the notice also cautions that it relates to suit "under Federal law," and that for claims under state law, "time limits may be shorter and other provisions of State law may be different." *Id.* (Doc. #1-1, PageID #12).

### C. Procedural history.

Plaintiff filed this action on July 27, 2026. (Doc. #1.) Defendants waived service of the summons, and the waivers were filed on August 25, 2026. This Motion is Defendants' first response to the Complaint.[2]

## III. LAW AND ARGUMENT

### A. Legal Standard Under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Hunter v. Dove*, 711 F. Supp. 3d 862, 869 (S.D. Ohio 2024) (citation omitted). "A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted). A complaint "must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal quotation marks and citations omitted).

[2]Before filing this Motion, defense counsel asked Plaintiff's counsel by email, on October 15 and October 18, 2026, for a copy of the charge of discrimination to attempt to sort out many of the questions giving rise to this Motion, and to hopefully avoid this Motion. But Plaintiff's counsel responded that the charge was not attached to the Complaint, that counsel typically files the notice of right to sue as the exhibit to a complaint, and that Defendants could obtain the charge from the EEOC or in discovery. Plaintiff's counsel refused to send a copy of the charge of discrimination to Defendants' counsel as of the date of this Motion.

Failure to exhaust administrative remedies is an affirmative defense. *Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013). It may nonetheless be resolved on the pleadings where "the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief," *id.* (internal quotation marks and citation omitted), and where "the plaintiff has anticipated the defense and explicitly addressed it in the pleadings," *id.* (internal quotation marks and citation omitted). Plaintiff did exactly that. She anticipated the exhaustion requirement, addressed it in three paragraphs of her Complaint, and attached the only administrative document on which she relies. Compl. ¶¶ 10-12 & Ex. A (Doc. #1, PageID #3; Doc. #1-1, PageID #10-13). And unlike the defendants in *Hunter*, who did not raise exhaustion in their motion and therefore did not obtain dismissal on that ground, 711 F. Supp. 3d at 872, Defendants raise it here.

### B. Plaintiff Must Exhaust Her Administrative Remedies As To Each Defendant And Each Claim.

#### 1. Title VII.

"It is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')." *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006). Although filing a timely charge is not a jurisdictional prerequisite to suit, "exhaustion of administrative remedies is a condition precedent to a Title VII action." *Hunter*, 711 F. Supp. 3d at 871-72 (internal quotation marks and citation omitted).

It is the charge, not the right-to-sue letter, that determines who may be sued. Title VII authorizes a civil action only "against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). The charge is the document that identifies the respondent: it should contain "[t]he full name and contact information of the person against whom the charge is made," 29 C.F.R. § 1601.12(a)(2), and it is sufficient when it is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b). Accordingly, "[f]iling an EEOC charge against a party is a necessary prerequisite to suit," and "[i]t is well settled that a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and a party named in the EEOC charge or it has unfairly prevented the filing of an EEOC charge." *Jones*, 748 F.2d at 1086. The named-party rule serves two goals: "First, the charge serves to notify the defendant of the discrimination claim alleged against him. . . . Second, by naming the charged party and bringing him before the EEOC, that person is able to participate in conciliation efforts directed at securing voluntary compliance with the Act." *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987).

The charge likewise determines what may be sued upon. "The judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991) (internal quotation marks and citation omitted); *accord Majors v. Gen. Dynamics Land Sys.*, No. 23-2184, 2024 WL 3406666, at *4 (N.D. Ohio July 11, 2024) (Only claims that are included in the charge or are

reasonably related to or grow out of the factual allegations in the administrative charge may be heard in court.). Where a plaintiff has not exhausted her remedies against a particular defendant, she cannot obtain relief against that defendant. *Dawson v. Local 189 United Ass'n of Plumbers & Pipefitters*, No. 21-3478, 2022 WL 3356583, at *3-4 (S.D. Ohio Aug. 15, 2022) ("[B]ecause Plaintiff did not administratively exhaust against this entity (Local 189), she cannot be awarded relief against it."); *see also Williams v. HMSHost at Wash. Dulles Int'l Airport*, No. 1:23-CV-948 (PTG/WEF), 2024 WL 1606076, at *3 (E.D. Va. Apr. 12, 2024).

**2. R.C. Chapter 4112.**

Ohio law imposes its own charge-filing requirement. The Employment Law Uniformity Act, Sub. H.B. No. 352, which took effect on April 15, 2021, amended R.C. Chapter 4112 to require an employee to exhaust her administrative remedies before filing a civil action for employment discrimination. For a claim of discrimination such as the one asserted in the Second Cause of Action, R.C. 4112.052(B)(1) permits a civil action only if (1) the person "has first filed a charge with the Ohio civil rights commission" with respect to the practice complained of, and (2) the person has received a notice of right to sue from the OCRC, or one of the other OCRC-specific events described in the statute has occurred. R.C. 4112.052(B)(1). The statute excuses those conditions where "[t]he person seeks only injunctive relief," R.C. 4112.052(B)(2)(a), or where the person has filed a charge with the OCRC "within the time period required under that section," has also filed a charge with the EEOC, and

has received a notice from the EEOC "that states that the person may bring a civil action against the employer." R.C. 4112.052(B)(2)(b)(i)-(iii).

These procedures are mandatory. "The procedures and remedies for unlawful discriminatory practices relating to employment in this chapter are the sole and exclusive procedures and remedies available to a person who alleges such discrimination actionable under this chapter." R.C. 4112.08(B). For that reason, a "plaintiff's failure to allege exhaustion of administrative remedies is sufficient for dismissal." *State ex rel. CannAscend Ohio LLC v. Williams*, 10th Dist. Franklin No. 18AP-820, 2020-Ohio-359, ¶ 52; *see also Smith v. STERIS Corp.*, No. 24-319, 2024 WL 1656580, at *6 (N.D. Ohio Apr. 17, 2024). And because federal case law interpreting Title VII is generally applicable to claims under R.C. Chapter 4112, *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio C.R. Comm'n*, 66 Ohio St. 2d 192, 196, 421 N.E.2d 128, 131 (1981), the named-party rule applies with equal force to Plaintiff's claims under Ohio law.

### C. The First Cause Of Action Fails As To Greer Because Title VII Does Not Impose Personal Liability On An Employer's Individual Agents.

Title VII claims run against employers, not their individual agents. Plaintiff alleges that Greer is her "Manager" who "exercises supervision over her." Compl. ¶ 9 (Doc. #1, PageID #2). The Sixth Circuit has held that an individual agent cannot be held personally liable under Title VII. *See Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 410 n.7 (6th Cir. 1999) (holding, "with respect to the liability of an 'employer's' 'agents,'" that an individual agent "cannot be held

personally liable under Title VII"). The First Cause of Action therefore fails as a matter of law as to Greer, independent of the exhaustion defect discussed below.

### D. All Claims Should Be Dismissed Because The Pleadings Do Not Show That Either Defendant Was Named In Any Charge.

#### 1. Exhibit A does not identify either Defendant, and Plaintiff's conclusory allegation does not fill the gap.

The Complaint alleges only that Plaintiff "exhausted her administrative remedies at the Equal Employment Opportunity Commission." Compl. ¶ 10 (Doc. #1, PageID #3). It does not allege that Plaintiff filed a charge against Velocity or Greer, that either was identified as a respondent in any charge, or that either received notice of any charge. Nor does it allege when the charge was filed. Without that allegation, the pleadings do not show that Plaintiff satisfied the first prerequisite to a Title VII action, to "timely file a charge of employment discrimination with the EEOC." *Granderson*, 211 F. App'x at 400. Exhibit A, which Plaintiff attached to her Complaint and relies on to plead exhaustion, Compl. ¶ 11 (Doc. #1, PageID #3), identifies no respondent and no filing date for the charge. It is addressed to Plaintiff in care of her counsel, is copied only to her counsel, and refers generically to "the respondent(s) on this charge." Compl. Ex. A (Doc. #1-1, PageID #10-11).

The Sixth Circuit has affirmed dismissal on materially similar pleadings. In *McCrary*, the plaintiff's "complaint include[d] a right to sue letter from the EEOC, but this letter d[id] not include any specific allegations of discrimination or indicate the charges that had been administratively reviewed. Hence, the district court properly dismissed McCrary's Title VII claims for lack of administrative exhaustion."

18 F. App'x at 283-84 (affirming dismissal by the Southern District of Ohio). The court further held that the plaintiff's contention "that the defendants were named in his EEOC charge" was a "bare assertion" that "does not show that he obtained a right to sue letter with regard to any of the specific claims that are the subject of his present suit." *Id.* at 284.

Plaintiff's pleading is weaker than the one rejected in *McCrary*. Her notice, like McCrary's, describes neither the allegations nor the charges that were administratively reviewed, and it does not identify the respondent at all. And Plaintiff does not even offer the "bare assertion" that either Defendant was named in her charge. A notice that identifies no respondent cannot establish that Velocity or Greer is "the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1); *see also HMSHost*, 2024 WL 1606076, at *3 (granting motion to dismiss and finding "referring to the EEOC charge alone is insufficient to plausibly allege exhaustion"). Because the pleadings do not show that Plaintiff exhausted her administrative remedies as to either Defendant, she cannot be awarded relief against either of them on the First Cause of Action. *See Dawson*, 2022 WL 3356583, at *3-4.

### 2. Plaintiff pleads nothing that would invoke the identity-of-interest exception as to Greer.

The named-party rule "is, however, susceptible to a 'limited exception' where there exists a 'clear identity of interest' between the party named in the EEOC charge and the unnamed party that was actually sued." *Lockhart*, 531 F. App'x at 546 (citation omitted); *see also Jones*, 748 F.2d at 1086. Plaintiff has not pleaded facts that would bring Greer within that exception.

First, the exception compares the unnamed defendant to "the party named in the EEOC charge." *Lockhart*, 531 F. App'x at 546. Plaintiff does not identify any party named in her charge, and Exhibit A names none. On the face of the pleadings, there is no named party against which the Court could measure Greer.

Second, "[a] 'clear identity of interest' implies that the named and unnamed parties are virtual alter egos." *Williams v. City of Columbus*, 892 F. Supp. 2d 918, 925 (S.D. Ohio 2012) (internal quotation marks and citation omitted). Plaintiff does not allege any fact that are sufficient to incorporate Greer into the virtual alter ego category. She alleges that Greer is her "Manager" and, in conclusory terms, that he has "sufficient control over the business operations of the Corporate Defendant." Compl. ¶ 9 (Doc. #1, PageID #2). That allegation differs materially from the one the Sixth Circuit found sufficient to require discovery in *Lockhart*, where the plaintiff alleged that each individual defendant was a "co-owner/operator" of the very entity named in her EEOC charge. 531 F. App'x at 547. Plaintiff alleges no ownership interest and identifies no entity named in her charge.

Third, the rationale for the exception does not apply. The exception "acknowledges the reality that laymen, unassisted by trained lawyers, initiate the process of filing a charge with the EEOC." *Romain*, 836 F.2d at 245. Exhibit A shows that Plaintiff was represented by counsel before the EEOC: the EEOC addressed its notice to Plaintiff "c/o Sage Legal LLC" and copied her counsel. Compl. Ex. A (Doc. #1-1, PageID #10-11). Plaintiff is not the unassisted layperson for whom the exception was designed. *See Ang*, 932 F.2d at 546 ("Liberal construction is not necessary where

the claimant is aided by counsel in preparing his charge.”). By contrast, the plaintiff in *Lockhart* filed both her EEOC charge and her lawsuit *pro se*. 531 F. App’x at 545.

Because Plaintiff’s own pleading shows no charge naming Greer and pleads nothing that would excuse that omission, the defense appears on the face of the Complaint, and the First Cause of Action should be dismissed as to Greer. *See Lockhart*, 531 F. App’x at 547.

**3. The same defect bars the Second and Third Causes of Action as to both Defendants.**

The same is true of Plaintiff’s claims under R.C. Chapter 4112. Ohio law requires a charge before suit, R.C. 4112.052(B), and its procedures are “the sole and exclusive procedures and remedies available to a person who alleges such discrimination actionable under this chapter,” R.C. 4112.08(B). Because federal case law interpreting Title VII is generally applicable to claims under R.C. Chapter 4112, *Plumbers & Steamfitters*, 66 Ohio St. 2d at 196, the named-party rule applies to the Second and Third Causes of Action, and each defendant must be identified in the charge for the exhaustion prerequisite to be met as to that defendant. *See HMSHost*, 2024 WL 1606076, at *3. The Complaint does not allege that Plaintiff filed a charge with any agency naming Velocity or Greer, and Exhibit A names neither. Plaintiff’s “failure to allege exhaustion of administrative remedies is sufficient for dismissal.” *CannAscend*, 2020-Ohio-359, ¶ 52. As to Greer and the Second Cause of Action, the statute’s text reinforces the point: its EEOC-based route to court contemplates a notice stating that the person “may bring a civil action against the employer,” R.C. 4112.052(B)(2)(b)(iii), not against an individual supervisor.

Accordingly, the second and third causes of action against both defendants should be dismissed.

**E. The Second Cause Of Action Fails For The Additional Reason That Plaintiff Does Not Allege That She Filed A Charge With The OCRC.**

The Second Cause of Action fails as to both Defendants for an additional reason: Plaintiff does not allege that she filed any charge with the OCRC.

Each statutory route to court for a discrimination claim under R.C. Chapter 4112 runs through the OCRC. Under R.C. 4112.052(B)(1), Plaintiff must have "first filed a charge with the Ohio civil rights commission." Under the alternative in R.C. 4112.052(B)(2)(b), she must have filed a charge with the OCRC "within the time period required under that section," in addition to a charge with the EEOC. R.C. 4112.052(B)(2)(b)(i)-(ii). A charge filed only with the EEOC satisfies neither provision for a claim of discrimination under R.C. 4112.02(A).

The Complaint alleges only that Plaintiff exhausted her remedies "at the Equal Employment Opportunity Commission" and received a notice of right to sue from the EEOC. Compl. ¶¶ 10, 11 (Doc. #1, PageID #3). It does not allege that Plaintiff filed a charge with the OCRC, when she did so, or that the OCRC ever issued her a notice of right to sue. Exhibit A is an EEOC document, and it expressly does not address state-law claims, cautioning that for those claims "time limits may be shorter and other provisions of State law may be different." Compl. Ex. A (Doc. #1-1, PageID #12). Plaintiff's failure to allege the statutory prerequisite to her Ohio discrimination claim "is sufficient for dismissal." *CannAscend*, 2020-Ohio-359, ¶ 52; *see also Williams v.*

*Schulz*, No. 3:06CV126, 2007 WL 2994639, at *3 (S.D. Ohio Oct. 11, 2007) (granting defendant's motion to dismiss for failure to state a claim upon which relief can be granted because plaintiff failed to allege she had exhausted her administrative remedies and received a notice of right to sue); *Upperman v. Sw. Airlines Co.*, No. 2:17-CV-00348, 2018 WL 527376, at *4 (S.D. Ohio Jan. 24, 2018) (granting defendants' motion to dismiss where plaintiff failed to exhaust his administrative remedies by not filing a charge with the EEOC or the OCRC).

Nor does the remaining exception apply. Plaintiff does not seek "only injunctive relief." R.C. 4112.052(B)(2)(a). She seeks compensatory damages, liquidated damages, attorneys' fees, and costs. Compl., Prayer for Relief ¶¶ D-F (Doc. #1, PageID #7). The Second Cause of Action should therefore be dismissed as to both Defendants.

### F. Independently, R.C. 4112.08(A) Bars The Second Cause Of Action Against Greer.

Even if Plaintiff had exhausted her administrative remedies as to Greer, the Second Cause of Action could not proceed against him. Under R.C. 4112.08(A), "no person has a cause of action or claim based on an unlawful discriminatory practice relating to employment described in division (A)(24)(a) of section 4112.01 of the Revised Code against a supervisor, manager, or other employee of an employer unless that supervisor, manager, or other employee is the employer." The Second Cause of Action alleges that Defendants discriminated against Plaintiff "with respect to the terms, conditions, and privileges of employment because of Plaintiff's race," Compl. ¶ 40 (Doc. #1, PageID #6), a practice prohibited by R.C. 4112.02(A) and described in R.C. 4112.01(A)(24)(a).

Plaintiff alleges that Greer is her "Manager" who "exercises supervision over her." Compl. ¶ 9 (Doc. #1, PageID #2). That is precisely the category of individual R.C. 4112.08(A) protects. Plaintiff identifies the "Corporate Defendant," Velocity, as the business entity, and alleges that she "was employed by the Defendant," in the singular. *Id.* ¶¶ 7, 8. Her generic allegation that "Defendants employed Plaintiff," *id.* ¶ 10 (Parties), and her assertion that Greer has "sufficient control over the business operations of the Corporate Defendant," *id.* ¶ 9, are the sort of "labels" and "conclusions" that do not suffice, *Hunter*, 711 F. Supp. 3d at 869, and they do not make an individual supervisor "the employer." The Second Cause of Action therefore fails as a matter of law as to Greer.

**G. Dismissal Of The First And Second Causes Of Action Against Greer Should Be With Prejudice.**

Plaintiff alleges that her employment ended on May 9, 2024. Compl. ¶ 21 (Doc. #1, PageID #4). The deadline to file a charge with the EEOC ran no later than 300 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Plaintiff therefore cannot now file a timely EEOC charge naming Greer and cannot cure the defect identified above as to the First Cause of Action by doing so. Where a plaintiff did not timely present her claims to the agency, dismissal with prejudice is appropriate. *See Granderson*, 211 F. App'x at 400, 402 (affirming dismissal with prejudice of Title VII claim where plaintiff did not timely file a charge with the EEOC). In addition, R.C. 4112.08(A) bars the Second Cause of Action against Greer as a matter of law, so no amendment could cure that claim. The dismissal of those claims against Greer should therefore be with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety, dismiss the First and Second Causes of Action as asserted against Greer with prejudice, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Travis D. Huffman*
Travis D. Huffman (0100069)
*Trial Attorney*
**FISHER & PHILLIPS LLP**
250 West Street, Suite 400
Columbus, Ohio 43215
Tel: 614-221-1425
Fax: 614-221-1409
thuffman@fisherphillips.com

*Counsel for Defendants Velocity Construction Services, LLC d/b/a Greer Construction Company, LLC and Shaun Greer*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of October, 2026, a true and accurate copy of the foregoing **Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and was served by electronic mail upon the following:

Levi Y. Eidelman
CONSUMER JUSTICE LAW FIRM
72-47 139th Street
Flushing, New York 11367
leidelman@consumerjustice.com

Emanuel Kataev
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, New York 11423-2327
ekataev@sagelegal.nyc
emanuel@sagelegal.nyc

*Attorneys for Plaintiff Misty Daniels*

*/s/ Travis D. Huffman*
Travis D. Huffman (0100069)